## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL LYNN MADDEN aka ) | |
| DARRA LYNN MADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | NO. CIV-25-0223-HE |
| ) | |
| STEVEN HARPE et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Darra Lynn Madden, a state inmate appearing *pro se* and *in forma pauperis*, filed an amended complaint under 42 U.S.C. § 1983 asserting various constitutional violations. Upon initial screening, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation [Doc. #20] recommending that the court (1) dismiss with prejudice the individual capacity claims for injunctive relief against all defendants, (2) dismiss with prejudice the official capacity claims for injunctive relief against defendants Jim Ferris, FNU Hart, and Bonnie Green, and (3) dismiss the official capacity claims for injunctive relief against defendants Steven Harpe, Christie Quick, Nanci Battles, Chris Etchison, Marshall Kirby, Sherry Mooney, Todd Minshall, Charles Step Paine, and Kim Hall without prejudice.

Plaintiff has objected to the Report and Recommendation [Doc. #22]. Plaintiff specifically objects to Judge Erwin's recommendations to (1) dismiss the claims against

defendant Steven Harpe in both his individual and official capacities, and (2) dismiss the individual capacity claims for injunctive relief against all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. The court concurs with the recommendation to dismiss with prejudice the individual capacity § 1983 claims for injunctive relief against all defendants, including defendant Steven Harpe, and with the recommendation to dismiss without prejudice the official capacity § 1983 claims for injunctive relief against defendant Steven Harpe.

With respect to the individual capacity § 1983 claims for injunctive relief against all defendants, including defendant Steven Harpe, the Tenth Circuit has specifically determined that "[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." Brown v. Montoya, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011); *see also* Chilcoat v. San Juan County, 41 F.4th 1196, 1214 (10th Cir. 2022) ("Under 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief."). Here, as noted in the report, plaintiff has sued defendants in their individual capacities for injunctive relief under § 1983. As a result, the claims are subject to dismissal with prejudice as recommended by Judge Erwin.

With respect to the official capacity claims for injunctive relief against defendant Steven Harpe, Judge Erwin recommended dismissal without prejudice because, with respect to the Fourth Amendment claim, "the allegations . . . [are] insufficient to support a claim based on a violation of ODOC policy[,]" and "as to the remaining claims [First, Eighth, and Fourteenth Amendments], Ms. Madden has failed to plead specific facts . . .

that any [O]DOC policy was a 'moving force' behind the alleged constitutional violations." Doc. #20, ECF p. 10 (citation omitted). The court agrees with that analysis with respect to the claims against defendant Steven Harpe and those claims will be dismissed.

Judge Erwin also recommended that the court dismiss with prejudice the official capacity claims for injunctive relief against defendants Jim Ferris, FNU Hart, and Bonnie Green and that it dismiss without prejudice the official capacity claims for injunctive relief against defendants Christie Quick, Nanci Battles, Chris Etchison, Marshall Kirby, Sherry Mooney, Todd Minshall, Charles Step Paine, and Kim Hall. Plaintiff's objections do not specifically challenge these recommendations. The only official capacity claims she addressed were the official capacity § 1983 claims for injunctive relief against defendant Steven Harpe, which the court has discussed above. The court therefore concludes plaintiff has waived appellate review of the report's recommendations as to the official capacity claims for injunctive relief against the other defendants. *See* Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010).

Accordingly, for the reasons stated, the Report and Recommendation [Doc. #20] is **ADOPTED**. The 42 U.S.C. § 1983 claims for injunctive relief against all defendants, in their individual capacities, are **DISMISSED WITH PREJUDICE.** The § 1983 claims for injunctive relief against defendants Jim Ferris, FNU Hart and Bonnie Green, in their official capacities, are **DISMISSED WITH PREJUDICE**. The § 1983 claims for injunctive relief against defendants Steven Harpe, Christie Quick, Nanci Battles, Chris Etchison, Marshall Kirby, Sherry Mooney, Todd Minshall, Charles Step Paine, and Kim Hall, in their official capacities, are **DISMISSED WITHOUT PREJUDICE**.

In light of the above determinations, plaintiff's motions for appointment of counsel [Doc. #14], for certain discovery requests [Doc. #17], for production of documents [Doc. #18], and making requests for admissions [Doc. #19] are **STRICKEN** as **MOOT**.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 3rd day of June, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

4